

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| THURMAN ROSS, by and on behalf of himself and all others similarly situated, | |
|       Plaintiff, | |
|      v. | No. 12-CV-00276 |
| CAREER EDUCATION CORPORATION, GARY E. McCULLOUGH and MICHAEL J. GRAHAM, | Hon. John W. Darrah |
|       Defendants. | |

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending before this Court captioned *Ross v. Career Education Corporation, et al.*, No. 1:12-cv-00276 (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement (the "Stipulation") dated as of October 25, 2013, which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on April 3, 2014, at 10:00 a.m., at the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, Courtroom 1203, 219 South Dearborn Street, Chicago, Illinois 60604, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶ 1.14 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; and to determine the amount of fees and

expenses that should be awarded to Lead Counsel. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

3.　　The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice, and the Postcard Notice annexed as Exhibits A-1 through A-4 hereto, and finds that the dissemination and distribution of the Postcard Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 4-5 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.　　Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for purposes of the Settlement only, this Litigation is hereby certified as a class action on behalf of all Persons who purchased or otherwise acquired the common stock of CEC during the period from February 19, 2009, through November 21, 2011, inclusive, excluding (a) Defendants; (b) members of the immediate family of Defendant Gary E. McCullough; (c) the subsidiaries and affiliates of CEC, as these terms are defined by the federal securities laws, including the 401(k) plans of CEC; (d) any entity in which any Defendant has a controlling interest; (e) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (f) the legal representatives, heirs, successors, and assigns of any such excluded party.

5.　　The Court finds that, for purposes of settlement only, the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied. Specifically, the Court finds that: (a) Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and

fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; (e) questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Settlement Class Members in individually controlling the litigation of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6.     The firm of Heffler Claims Group ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     No later than November 22, 2013 (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice to be sent to Class Members, brokerage firms, and other nominees ("Nominees") who can be identified with reasonable effort as holding or having held CEC common stock for the benefit of a Class Member.   The Claims Administrator shall instruct the Nominees to either send the Postcard Notice to such Class Members promptly after receipt thereof, or send a list of the names and addresses of such Class Members to the Claims Administrator, in which event the Claims Administrator promptly shall mail the Postcard Notice to such beneficial owners.   Reasonable and actual out-of-pocket

expenses incurred as a result of the actions taken in accordance with this Paragraph shall be reimbursed as provided in the Notice;

(b)     No later than November 22, 2013, the Claims Administrator shall cause the Summary Notice to be published once in the *Investor's Business Daily*, or otherwise published as directed by the Court;

(c)     No later than November 22, 2013, the Claims Administrator shall issue a nationwide press release over the PR Newswire consisting primarily or exclusively of the information contained in the Summary Notice;

(d)     No later than November 12, 2013, the Claims Administrator shall cause the Settlement Notice, Proof of Claim, Stipulation of Settlement, Plan of Allocation, and any other relevant documents to be made available at www.CecSecuritiesLitigation.com, a website dedicated solely to the CEC settlement and available to the general public and shall set up a toll-free number for the purpose of answering any questions about the settlement;

(e)     The Claims Administrator shall mail or otherwise distribute the full-length Settlement Notice and Proof of Claim to any Class Members who request copies of the Settlement Notice and Proof of Claim in response to the Postcard Notice, published Summary Notice, press release, or other means.

(f)     No later than March 24, 2014, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.     All Members of the Class who do not make a valid request for exclusion shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

8.      Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than March 22, 2014. No claims less than $10.00 will be processed or distributed. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but will nonetheless be bound by the Court's final judgment and will release his or her claims, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Class Settlement Fund is not materially delayed thereby.

9.      Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

10.     Any Person falling within the definition of the Class and who purchased or otherwise acquired CEC common stock may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than March 22, 2014. To be valid, a Request for Exclusion must state all of the information requested by ¶ 2 of Section XII of the Notice. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Class Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

11.     Any Member of the Class may appear and show cause, if he, she, or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel for the Plaintiffs, or why the expenses of Plaintiffs should or should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before March 21, 2014, by Jeffrey A. Almeida, Grant & Eisenhofer P.A., 123 Justison St., Wilmington, DE 19801 or James M. Hughes, Motley Rice LLC, 28 Bridgeside Blvd., Mt. Pleasant, SC 29464, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, on or before March 21, 2014.  Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for the plaintiffs or expenses of Plaintiffs, unless otherwise ordered by the Court.

12.     All funds held by the respective Escrow Agents shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed from the Class Settlement Fund pursuant to the Stipulation and/or further order(s) of the Court.

13.     All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by Lead Counsel for the Lead Plaintiffs for attorneys' fees and expenses shall be filed and served by March 27, 2014.  Replies to any objections shall be filed and served by March 27, 2014.  The deadline for filing motions for Final Approval of Class Action Settlement and for Attorneys' Fees and Reimbursement of Expenses shall be March 27, 2014.

14.     Neither Defendants and their Related Parties nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

15.     The fees and expenses, as awarded by the Court, shall be paid from the Class Settlement Fund to Lead Counsel within ten (10) calendar days after the Court executes an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections, or potential for appeal, subject to the joint and several obligation of Lead Counsel and/or their successors to make appropriate refunds or repayments as described in ¶ 7.3 of the Stipulation. Lead Counsel shall allocate the attorneys' fees among other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

16.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses, shall be approved.  The Court may, without further notice to the Class, modify the Plan of Allocation.

17.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Class Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶ 3.6 or 3.7 of the Stipulation.

18.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

19.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

20.     If the Stipulation and the settlement set forth therein are not approved or consummated for any reason whatsoever, the Stipulation and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

21.     Pending final determination of whether the proposed settlement should be approved, neither the Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

DATED:___11-6-13_____

_____
THE HONORABLE JOHN W. DARRAH
UNITED STATES DISTRICT JUDGE