**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THURMAN ROSS, by and on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CAREER EDUCATION CORPORATION, GARY E. McCULLOUGH and MICHAEL J. GRAHAM, <br><br> Defendants. | No. 12-CV-00276 <br><br> Hon. John W. Darrah |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

**EXHIBIT A-1 (AMENDED OCTOBER 30, 2013)**

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF CAREER EDUCATION CORPORATION ("CEC") DURING THE PERIOD FROM FEBRUARY 19, 2009, THROUGH NOVEMBER 21, 2011, INCLUSIVE

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE       , 2014.

This Notice of Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois, Eastern Division (the "Court"). The purpose of this Notice is to inform you of the proposed settlement of the case captioned *Ross v. Career Education Corporation, et al.*, No. 1:12-cv-00276 (the "Litigation") and of the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement as set forth in the Stipulation of Settlement between Plaintiffs and Defendants (the "Stipulation") dated as of October 25, 2013, on file with the Court.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any Defendant or the merits of the claims or defenses asserted by or against Defendants. This Notice is solely to advise you of the proposed settlement of the Litigation and of your rights in connection therewith.

2

## I.    STATEMENT OF PLAINTIFFS' RECOVERY

The proposed settlement will result in the creation of a cash settlement fund in the principal amount of Twenty Seven Million Five Hundred Thousand Dollars ($27.5 million), plus any interest that may accrue thereon (the "Class Settlement Fund").

The Class Settlement Fund, subject to deduction for costs of class notice and administration, certain taxes and tax related expenses, and for attorneys' fees and expenses as approved by the Court, will be available for distribution to Class Members. Your recovery from this Fund will depend on a number of variables, including the amount of CEC common stock you purchased or otherwise acquired during the period from February 19, 2009, through November 21, 2011, inclusive, and the timing of your purchases and any sales. In the unlikely event that 100% of the common stock of CEC purchased or acquired by Class Members and entitled to a distribution under the Plan of Allocation described below participate in the settlement, the estimated average distribution per share of CEC common stock will be approximately 47¢ before deduction of Court-approved fees and expenses. Historically, actual claim rates are lower than 100%, resulting in higher per share distributions.

## II.    STATEMENT OF POTENTIAL OUTCOME

Plaintiffs and Defendants do not agree on the average amount of damages per share, if any, that would have been recoverable if Plaintiffs were to have prevailed on each claim alleged. Defendants deny that they are liable in any respect or that Plaintiffs or the Class suffered any injury. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of CEC common stock were allegedly artificially inflated (if at all) during the Class Period; (4) the

amount by which the prices of CEC common stock were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of CEC common stock at various times during the Class Period; (6) the extent to which external factors influenced the prices of CEC common stock at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the prices of CEC common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of CEC common stock at various times during the Class Period.

### III. REASONS FOR SETTLEMENT

Plaintiffs believe that the proposed settlement is a good recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on any of its claims, in which case the Class would receive nothing. Also, the amount of damages recoverable by the Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants would have asserted that any alleged losses of Class Members were caused by non-actionable market, industry, or general economic factors. Defendants would have also asserted that, throughout the Class Period, the uncertainties and risks associated with the purchase of CEC common stock were fully and adequately disclosed. Co-Lead Counsel also weighed the fact that CEC has been experiencing financial hardship. Thus, there is a real risk that CEC would not have the means (or the insurance) to compensate the Class in the future to a greater extent than set forth in this Settlement, even if full liability and full damages were established after trial and appeals. The proposed settlement provides an immediate benefit to Class Members, and will avoid the years of delay that would likely occur in the event of a contested trial and appeals.

**IV.     STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT**

Plaintiffs' counsel have not received any payment for their services in conducting this Litigation on behalf of Plaintiffs and the Members of the Class, nor have they been paid for their expenses.  If the settlement is approved by the Court, Plaintiffs' counsel will apply to the Court for attorneys' fees of 25% of the Class Settlement Fund and expenses not to exceed $500,000, plus interest thereon, to be paid from the Class Settlement Fund.  If the amount requested is approved by the Court, the approximate recovery is an average of 34¢ per share.  This is an estimate.

**V.      IDENTIFICATION OF ATTORNEYS' REPRESENTATIVES**

For further information regarding this settlement, you may contact the Claims Administrator, Heffler Claims Group, at CEC Securities Litigation, c/o Heffler Claims Group, PO Box 58669, Philadelphia, PA 19102, or by phone at 855-887-3479, or a representative of Lead Counsel:  Jeffrey A. Almeida, Grant & Eisenhofer P.A., 123 Justison St., Wilmington, DE 19801 and James M. Hughes, Motley Rice LLC, 28 Bridgeside Blvd., Mt. Pleasant, SC  29464.

**VI.     NOTICE OF HEARING ON PROPOSED SETTLEMENT**

The Settlement Hearing will be held on _____, 2014, at ____.m., before the Honorable John W. Darrah, United States District Judge, or such other judge sitting in his place or stead, Courtroom 1203, United States District Court, Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn, Chicago, IL 60604.  The purpose of the Settlement Hearing will be to determine:  (1) whether the proposed settlement, as set forth in the Stipulation, consisting of Twenty Seven Million Five Hundred Thousand Dollars ($27.5 million) in cash should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by

5

Plaintiffs' counsel for an award of attorneys' fees and expenses should be approved; and (4) whether the Judgment, in the form attached to the Stipulation, should be entered. The Court may adjourn the Settlement Hearing from time to time and without further notice to the Class.

## VII.   DEFINITIONS USED IN THIS NOTICE

As used in this Notice, the following terms have the meanings specified below. Any capitalized terms not specifically defined in this Notice shall have the meanings set forth in the Stipulation. In the event of any inconsistency between any definition set forth below or elsewhere in this Notice and any definition set forth in the Stipulation, the definition set forth in the Stipulation shall control.

1.     "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2.     "Claims Administrator" means the firm of Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102.

3.     "Class" means all Persons (other than those Persons and entities who timely and validly requested exclusion from the Class) who purchased or otherwise acquired the common stock of Career Education Corporation during the period from February 19, 2009 through November 21,2011, inclusive, excluding (1) the Individual Defendant and his immediate family; (2) any entity in which Defendants have or had a controlling interest; (3) officers and directors of CEC during the Class Period; and (4) the legal representatives, heirs, successors, or assigns of any excluded party.

4.     "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in Paragraph 3 above.

5.     "Class Period" means the period commencing on February 19, 2009, through and including November 21, 2011.

6

6.      "Defendants" means CEC and Gary E. McCullough.    A Defendant shall be deemed to have a "controlling interest" in an entity if such defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock, or more than 50% of the partnership interests, of such entity.

7.      "Individual Defendant" means Gary E. McCullough.

8.      "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court.

9.      "Lead Counsel" means Grant & Eisenhofer, P.A. ("Grant & Eisenhofer"), 123 Justison St., Wilmington, DE 19801, and Motley Rice LLC ("Motley Rice"), 28 Bridgeside Rd., Mt. Pleasant, SC 29464.

10.      "Lead Plaintiffs" means KBC Asset Management NV ("KBC"), the Oklahoma Police Pension & Retirement System ("OPPRS"), and the Oklahoma Law Enforcement Retirement System ("OLERS").

11.      "Litigation" means the action under case number 1:12-cv-00276.

12.      "CEC" means Career Education Corporation.

13.      "Net Class Settlement Fund" means the Class Settlement Fund less any attorneys' fees, costs, or expenses provided for herein or approved by the Court, and less notice and administration costs, Taxes and Tax Expenses, and other Court-approved deductions.

14.      "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

15.     "Plaintiffs" means KBC, OPPRS, OLERS, the Public Service Pensions Board, and Thurman Ross.

16.     "Plan of Allocation" means a plan or formula of allocation of the Class Settlement Fund whereby the Class Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

17.     "Related Parties" means each Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, executors, successors in interest, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of the Individual Defendant's immediate family, or any trust of which the Individual Defendant is the settlor or which is for the benefit of the Individual Defendant's family.

18.     "Released Claims" shall collectively mean any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted in the Complaint or any other pleading or forum, including, without limitation, claims for negligence, gross negligence, breach of fiduciary duty, fraud, or violation of any state or federal common or foreign law or statutes, rules, or regulations, by Plaintiffs or any Class Member against the Released Persons (as defined below) arising out of or based upon both the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or

8

referred to in the Complaint and the purchase or other acquisition of CEC common stock during

the Class Period and the acts, facts, events, statements or omissions that were or could have been

alleged in the Litigation. "Released Claims" includes "Unknown Claims" as defined in

Paragraph 24 hereof.

19.     "Released Persons" means each Defendant and their Related Parties.

20.     "Class Settlement Amount" means Twenty Seven Million Five Hundred

Thousand Dollars ($27.5 million) in cash.

21.     "Settlement Fund" or "Class Settlement Fund" means the Class Settlement

Amount plus all interest and accretions thereto and which may be reduced by payments or

deductions as provided herein or by Court order.

22.     "Settling Parties" means, collectively, Defendants, Plaintiffs, and the Class.

23.     "Tax" or "Taxes" means any and all taxes, fees levies, duties, tariffs, imposts, and

other charges of any kind (together with any and all interest, penalties, additions to tax and

additional amounts imposed with respect thereto) imposed by any governmental authority,

including income tax and other taxes and charges on or regarding franchises, windfall or other

profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security,

workers' compensation, unemployment compensation or net worth; taxes or other charges in the

nature of excise, withholding ad valorem, stamp, transfer, value added or gains taxes; license

registration and documentation fees; and customs duties, tariffs, and similar charges.

24.     "Unknown Claims" means any Released Claims which Plaintiffs or Class

Members do not know or suspect to exist in his, her or its favor at the time of the release of the

Released Persons which, if known by him, her or it, might have affected his, her or its settlement

with and release of the Released Persons, or might have affected his, her or its decision not to

9

object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

10

## VIII. THE LITIGATION

The initial complaint in this case, captioned *Ross v. Career Education Corp., et al.*, No. 12-cv-00276, was filed in the United States District Court for the Northern District of Illinois (the "Court") on January 13, 2012, and assigned to the Honorable Matthew F. Kennelly. On March 13, 2012, KBC, OPPRS, and OLERS filed a motion to be appointed lead plaintiffs and for approval of their selection of Motley Rice and Grant & Eisenhofer as lead counsel. The same day, the Pensions Board also filed a motion to be appointed lead plaintiff and for the approval of its selection of Robbins Geller Rudman & Dowd LLP as lead counsel. On March 23, 2012, the Court entered a Stipulation and Order appointing KBC, OPPRS, and OLERS to serve as Lead Plaintiffs and approving Lead Plaintiffs' selection of Motley Rice and Grant & Eisenhofer as Lead Counsel.

On May 3, 2012, the Consolidated Class Action Complaint (the "Complaint") was filed, naming CEC, Gary E. McCullough, and Michael J. Graham as defendants and alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. On June 4, 2012, defendants moved to dismiss the Complaint. On October 30, 2012, the Court granted in part and denied in part defendants' motion to dismiss, including dismissing the claims against defendant Graham. Thereafter, defendants CEC and Mr. McCullough (collectively, "Defendants") each filed an answer to the Complaint, denying all allegations and asserting defenses thereto.

In early 2013, and thereafter, the parties engaged in in-person mediation sessions utilizing the services of the Honorable Daniel Weinstein (Ret.), a nationally recognized mediator with JAMS, and had various telephonic exchanges regarding a potential settlement of the Litigation. By agreement, and with the approval of Judge Weinstein, the parties also utilized the services of Jed Melnick, also a nationally recognized mediator with JAMS, as well as a neutral economist to address the alleged potential damages of the Class (as defined herein). At a final mediation

session held on June 6, 2013, the parties were unable to reach a resolution of the Litigation. On June 7, 2013, the mediator made a mediator's proposal to settle the Litigation for Twenty Seven Million Five Hundred Thousand Dollars ($27.5 million). The parties accepted the mediator's proposal to settle the Litigation for that amount on June 12, 2013, subject to the negotiation of the terms of a stipulation of settlement and approval by the Court.

On October 10, 2013, the parties moved pursuant to Rule 40.4 of the Local Rules to have the Litigation reassigned to the Honorable John W. Darrah, before whom an earlier filed, related case, *Cook v. McCullough, et al.*, No. 1:11-cv-09119, is pending. On October 17, 2013, the Executive Committee of the Court granted the motion and the Litigation was reassigned.

## IX.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Co-Lead Counsel also weighed the fact that CEC has been experiencing financial hardship, and that there is a real risk that CEC would not have the means (or the insurance) to compensate the Class in the future to a greater extent than set forth in this Settlement. Lead Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Class.

## X.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that the Plaintiffs or the Class have suffered any damage, that the prices of CEC common stock were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Plaintiffs or the Class were harmed by the conduct alleged in the Complaint. Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## XI.    TERMS OF THE PROPOSED SETTLEMENT

A settlement has been reached in the Litigation between Plaintiffs and Defendants, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto. The following description of the proposed settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court or accessible at www.CecSecuritiesLitigation.com, for a full statement of its provisions.

The settlement consists of the aggregate principal amount of Twenty Seven Million Five Hundred Thousand Dollars ($27.5 million) in cash, plus any interest earned thereon. A portion of the settlement proceeds will be used to pay attorneys' fees and expenses to Lead Counsel, to pay for this Notice and the processing of claims submitted by Class Members, and to pay Taxes and Tax Expenses. The balance of the Class Settlement Fund (the "Net Class Settlement Fund") will be distributed, according to the Plan of Allocation described below, to Class Members who submit valid and timely Proof of Claim and Release forms.

The effectiveness of the settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

## XII. THE RIGHTS OF CLASS MEMBERS

If you are a Class Member, you may receive the benefit of, and you will be bound by the terms of, the proposed settlement described in this Notice, upon approval of the proposed settlement by the Court.

If you are a Class Member, you have the following options:

1. You may file a Proof of Claim and Release form as described below. If you choose this option, you will share in the proceeds of the proposed settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed settlement is finally approved by the Court, and you will be bound by the Judgment and Release to be entered by the Court as described below.

2. If you purchased or otherwise acquired CEC common stock and you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice, you may request to be excluded. To do so, you must submit a written request for exclusion that must be postmarked on or before                     , 2014. You must set forth: (a) your name, address, and telephone number; (b) the number of shares of CEC common

stock purchased or otherwise acquired and sold during the Class Period and the dates of such purchase(s), acquisition(s), and/or sale(s); and (c) that you wish to be excluded from the Class. The exclusion request should be addressed as follows:

> CEC Securities Litigation
> c/o Heffler Claims Group
> PO Box 58669
> Philadelphia, PA 19102

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.

If you timely and validly request exclusion from the Class: (a) you are excluded from the Class; (b) you will not share in the proceeds of the settlement described herein; (c) you are not bound by any judgment entered in the Litigation; and (d) you are not precluded, by reason of your decision to request exclusion from the Class, from otherwise prosecuting an individual claim, if timely, against Defendants based on the matters complained of in the Litigation.

3.     If you do not make a valid and timely request in writing to be excluded from the Class, you will be bound by any and all determinations or judgments in the Litigation in connection with the settlement entered into or approved by the Court, whether favorable or unfavorable to the Class, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons, whether or not you submit a valid Proof of Claim and Release form.

4.     You may do nothing at all. If you choose this option, you will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons.

5.      You may object to the settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses in the manner described in Section XVIII, below.

6.      If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before _____, 2014, and must serve copies of such appearance on the attorneys listed in Section XVIII below.  If you do not enter an appearance through counsel of your own choosing, you will be represented by Lead Counsel:  Grant & Eisenhofer P.A., Jeffrey A. Almeida, 123 Justison St., Wilmington, DE  19801 and Motley Rice LLC, James M. Hughes, 28 Bridgeside Blvd., Mt. Pleasant, SC  29464.

## XIII.  PLAN OF ALLOCATION

The Net Class Settlement Fund will be distributed to Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Class Settlement Fund pursuant to any Plan of Allocation or any order of the Court and who submit a valid and timely Proof of Claim and Release form under the Plan of Allocation described below.  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Class Settlement Fund only if you have an overall net loss on all of your transactions in CEC common stock during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel have conferred with their damage expert who concluded that only the CEC securities described below were damaged by the matters alleged by Plaintiffs in this Litigation and the Plan of Allocation reflects an assessment of the damages that they believe could have been recovered by Class Members had Plaintiffs prevailed at trial.  The parties do not agree on the average amount of damages per share that would be recoverable had Plaintiffs prevailed.

In the unlikely event there are sufficient funds in the Net Class Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Class Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Class Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

For shares of Career Education common stock purchased during the Class Period, and:

(a) Sold on or before the close of trading on November 18, 2011, the Recognized Loss Per Share is the lesser of (but not less than zero): (i) the purchase price minus the sale price; or (ii) the Loss Per Share at purchase shown in Table A below minus the Loss Per Share at sale shown in the Table A below;

(b) Still held as of the close of business on November 18, 2011, the Recognized Loss Per Share is the lesser of (but not less than zero): (i) the purchase price minus the PSLRA price on the date of sale (or 2/17/2012 if not sold as of 2/17/2012) in Table B below;[1] or (ii) the Loss Per Share at purchase shown in Table A below.

For shares of Career Education common stock purchased on November 21, 2011, the Recognized Loss Per Share is $0.00.

**Table A – Common Stock Loss Per Share**

| Transaction Period | Loss Per Share |
|---|---|
| February 19, 2009 – August 3, 2011 | $11.70 |
| August 4, 2011 – November 1, 2011 | $9.25 |
| November 2, 2011 | $1.75 |
| November 3, 2011 – November 18, 2011 | $0.32 |

---

[1] The PSLRA limits damages to the purchase price less the average closing price from the dissemination of the corrective information through the date of sale (up to 90 days).

| November 21, 2011 and after | $0.00 |
|---|---|

**Table B – Common Stock PSLRA Prices**

| Sale Date | PSLRA Price | Sale Date | PSLRA Price | Sale Date | PSLRA Price |
|---|---|---|---|---|---|
| 11/21/2011 | $7.21 | 12/21/2011 | $7.02 | 1/24/2012 | $7.85 |
| 11/22/2011 | $7.13 | 12/22/2011 | $7.04 | 1/25/2012 | $7.92 |
| 11/23/2011 | $7.07 | 12/23/2011 | $7.07 | 1/26/2012 | $7.97 |
| 11/25/2011 | $7.03 | 12/27/2011 | $7.10 | 1/27/2012 | $8.03 |
| 11/28/2011 | $7.02 | 12/28/2011 | $7.12 | 1/30/2012 | $8.08 |
| 11/29/2011 | $7.00 | 12/29/2011 | $7.15 | 1/31/2012 | $8.12 |
| 11/30/2011 | $7.01 | 12/30/2011 | $7.17 | 2/1/2012 | $8.18 |
| 12/1/2011 | $7.04 | 1/3/2012 | $7.21 | 2/2/2012 | $8.24 |
| 12/2/2011 | $7.07 | 1/4/2012 | $7.23 | 2/3/2012 | $8.30 |
| 12/5/2011 | $7.09 | 1/5/2012 | $7.25 | 2/6/2012 | $8.37 |
| 12/6/2011 | $7.12 | 1/6/2012 | $7.26 | 2/7/2012 | $8.42 |
| 12/7/2011 | $7.14 | 1/9/2012 | $7.29 | 2/8/2012 | $8.47 |
| 12/8/2011 | $7.13 | 1/10/2012 | $7.32 | 2/9/2012 | $8.53 |
| 12/9/2011 | $7.13 | 1/11/2012 | $7.37 | 2/10/2012 | $8.57 |
| 12/12/2011 | $7.14 | 1/12/2012 | $7.43 | 2/13/2012 | $8.62 |
| 12/13/2011 | $7.13 | 1/13/2012 | $7.49 | 2/14/2012 | $8.66 |
| 12/14/2011 | $7.11 | 1/17/2012 | $7.54 | 2/15/2012 | $8.70 |
| 12/15/2011 | $7.11 | 1/18/2012 | $7.59 | 2/16/2012 | $8.74 |
| 12/16/2011 | $7.10 | 1/19/2012 | $7.65 | 2/17/2012 or after | $8.79 |
| 12/19/2011 | $7.07 | 1/20/2012 | $7.72 | | |
| 12/20/2011 | $7.03 | 1/23/2012 | $7.79 | | |

## COMPUTATION OF NET RECOGNIZED LOSS FOR EACH CLASS MEMBER

The Recognized Loss with respect to a purchase or acquisition of Career Education common stock is calculated by multiplying the number of shares by the appropriate Recognized Loss Per Share, as set forth above. The Net Recognized Loss equals the sum of all Recognized Losses for all transactions.

**NOTE:** ALL MARKET PROFITS SHALL BE SUBTRACTED FROM ALL MARKET LOSSES ON ALL TRANSACTIONS IN CAREER EDUCATION COMMON STOCK

DURING THE CLASS PERIOD TO DETERMINE THE NET MARKET LOSS OF EACH CLASS MEMBER.

For purposes of determining whether a Claimant had a net market profit or suffered a net market loss from his, her or its overall transactions in Career Education common stock during the Class Period, the Claims Administrator shall: (i) total the amount paid (excluding commissions and other charges) for Career Education common stock purchased during the Class Period by the Claimant (the "Total Purchase Amount"); (ii) match any sales of Career Education common stock during the Class Period first against the Claimant's opening position in Career Education common stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received (excluding commissions, etc.) for sales of Career Education common stock sold during the Class Period (the "Sales Proceeds"); and (iv) assign the holding price of $7.21 per share for Career Education common stock (the closing price of Career Education common stock on November 21, 2011) for Career Education common stock purchased or acquired during the Class Period and still held at the end of the Class Period ("Holding Value"). The Total Purchase Amount (i) less the Sales Proceeds (iii) and less the Holding Value (iv) will be deemed a Claimant's net market profit or net market loss (a profit occurs if a negative number is calculated) on his, her or its overall transactions Career Education common stock during the Class Period.

IF, DURING THE CLASS PERIOD, A CLASS MEMBER MADE A NET MARKET PROFIT IN HIS, HER OR ITS TRANSACTIONS IN CAREER EDUCATION COMMON STOCK, THE AMOUNT OF THE CLASS MEMBER'S CLAIM SHALL BE ZERO.

IF, DURING THE CLASS PERIOD, A CLASS MEMBER HAS A NET MARKET LOSS IN HIS, HER OR ITS TRADING IN CAREER EDUCATION COMMON STOCK

THAT IS LESS THAN HIS, HER OR ITS NET RECOGNIZED LOSS, THE CLASS MEMBER'S CLAIM SHALL BE LIMITED TO THE CLASS MEMBER'S NET MARKET LOSS.

NO CLAIMS OF LESS THAN $10.00 WILL BE PROCESSED OR PAID.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against the Plaintiffs, Plaintiffs' counsel, the Claims Administrator, or other Person designated by Plaintiffs' counsel, or Defendants or Defendants' counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and file a valid and timely Proof of Claim and Release form shall be barred from participating in distributions from the Net Class Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

**XIV.  PARTICIPATION IN THE SETTLEMENT**

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE.** The Proof of Claim and Release form must be postmarked on or before _____, 2014, and delivered to the Claims Administrator at the address set forth in Section XIX, below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release form, you will be barred from receiving any payments from the Net Class Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## XV.    DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice (the "Judgment"). In addition, upon the Effective Date, Plaintiffs and each of the Class Members, for themselves and for each of their respective officers, directors, shareholders, employees, agents, spouses, subsidiaries, heirs at law, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release form, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.

## XVI.   APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of 25% of the Class Settlement Fund, plus expenses not to exceed $500,000. Such sums as may be approved by the Court will be paid from the Class Settlement Fund. Class Members are not personally liable for any such fees or expenses.

To date, Plaintiffs' counsel have not received any payment for their services in conducting this Litigation on behalf of Plaintiffs and the Class, nor have counsel been paid their expenses. The fee requested by Lead Counsel will compensate counsel for their efforts in achieving the Class Settlement Fund for the benefit of the Class, and for their risk in undertaking

this representation on a wholly contingent basis. Lead Counsel believe that the fee requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type. The fee to be requested has been approved by each of the Lead Plaintiffs.

## XVII. CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from the Judgment or to move to alter or amend the Judgment, or the determination of any such appeal or motion in a manner to permit the consummation of the settlement substantially as provided for in the Stipulation. If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of October 25, 2013. In that event, the settlement will not proceed and no payments will be made to Class Members.

## XVIII. THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who objects to any aspect of the settlement, the Plan of Allocation, or the application for attorneys' fees and expenses, may appear and be heard at the Settlement Hearing. Any such Person must submit a written notice of objection, such that it is *received*, not simply postmarked, on or before _____, 2014, by each of the following:

> *To the Court:*
>
> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF ILLINOIS
> EASTERN DIVISION
> EVERETT MCKINLEY DIRKSEN UNITED STATES COURTHOUSE
> 219 South Dearborn Street
> Chicago, IL 60604
>
> *To Lead Counsel for Plaintiffs:*

MOTLEY RICE LLC
James M. Hughes
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

GRANT & EISENHOFER P.A.
Jeffrey A. Almeida
123 Justison St.
Wilmington, DE 19801

*To Counsel for CEC:*

JONES DAY
Lee Ann Russo
77 W. Wacker Dr.
Chicago, IL 60601-1692

*To Counsel for Gary E. McCullough:*

KATTEN MUCHIN ROSENMAN LLP
Mary Ellen Hennessy
525 West Monroe Street
Chicago, IL 60661

The notice of objection must demonstrate the objecting Person's membership in the Class, including the amount of CEC common stock purchased or acquired and sold during the Class Period and contain a statement of the reasons for objection. Only Members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XIX. SPECIAL NOTICE TO NOMINEES

Nominees who purchased or otherwise acquired the common stock of CEC for the beneficial interest of other Persons during the Class Period shall, within ten (10) calendar days after receipt of this Notice: (1) provide the Claims Administrator with the names and addresses of such beneficial owners; or (2) forward a copy of this Notice and the Proof of Claim and Release form by First-Class Mail to each such beneficial owner and provide Lead Counsel with

23

written confirmation that the Notice and Proof of Claim and Release form have been so forwarded. Upon submission of appropriate documentation, Lead Counsel will reimburse your reasonable costs and expenses of complying with this provision. Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

> CEC Securities Litigation
> c/o Heffler Claims Group
> PO Box 58669
> Philadelphia, PA 19102

## XX.   EXAMINATION OF PAPERS

This Notice contains only a summary of the terms of the proposed settlement and does not describe all of the details of the Stipulation. For a more detailed statement of the matters involved in the Litigation, reference is made to the pleadings, to the Stipulation, and to other papers filed in the Litigation, which may be inspected at the office of the Clerk of the Court, United States District Court, Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn, Chicago, IL 60604. In addition, certain settlement related documents including the Stipulation of Settlement may be viewed at www.CecSecuritiesLitigation.com.

If you have any questions about the settlement of the Litigation, you may contact Lead Counsel by writing to:

> MOTLEY RICE LLC
> James M. Hughes
> 28 Bridgeside Blvd.
> Mt. Pleasant, SC 29464

> GRANT & EISENHOFER P.A.
> Jeffrey A. Almeida
> 123 Justison St.
> Wilmington, DE 19801

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

DATED: _____, 2013          BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      NORTHERN DISTRICT OF ILLINOIS
                                      EASTERN DIVISION

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

THURMAN ROSS, by and on behalf of
himself and all others similarly situated,

        Plaintiff,

    v.

CAREER EDUCATION CORPORATION,
GARY E. McCULLOUGH and MICHAEL J.
GRAHAM,

        Defendants.

No. 12-CV-00276

Hon. John W. Darrah

**PROOF OF CLAIM AND RELEASE**

**EXHIBIT A-2**

**GENERAL INSTRUCTIONS**

To recover as a Member of the Class based on your claims in the action entitled *Ross v. Career Education Corporation, et al.*, No. 1:12-cv-00276 (the "Litigation"), you must complete and, on page 9 hereof, sign this Proof of Claim and Release form. If you fail to submit a timely and properly addressed (as set forth in Paragraph 3 below) Proof of Claim and Release form, your claim may be rejected and you may not receive any recovery from the Net Class Settlement Fund created in connection with the proposed settlement.

Submission of this Proof of Claim and Release form, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE           , 2014, ADDRESSED AS FOLLOWS:

> CEC Securities Litigation
> c/o Heffler Claims Group
> PO Box 58669
> Philadelphia, PA 19102

If you are NOT a Member of the Class (as defined in the Notice of Proposed Settlement of Class Action ("Notice")), DO NOT submit a Proof of Claim and Release form. Also, NOTE THAT NO CLAIMS FOR LESS THAN $10.00 WILL BE PROCESSED OR PAID.

If you are a Member of the Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

**CLAIMANT IDENTIFICATION**

If you purchased or otherwise acquired CEC common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or otherwise acquired CEC common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the CEC common stock which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE CEC COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

**CLAIM FORM**

Use Part II of this form entitled "Schedule of Transactions in CEC Common Stock" to supply all required details of your transaction(s) in CEC common stock listed in Part II. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions of CEC common stock which took place at any time from February 19, 2009, through November 21, 2011, inclusive (the "Class Period"), and *all* of your sales of CEC common stock which took place at any time between February 19, 2009, through November 21, 2011.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of CEC common stock. The date of a "short sale" is deemed to be the date of sale of CEC common stock.

Copies of broker confirmations or other documentation of your transactions in CEC common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at CEC Securities Litigation, c/o Heffler Claims Group, PO Box 58669, Philadelphia, PA 19102 or visit their website at www.CecSecuritiesLitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*Ross v. Career Education Corporation, et al.*

No. 1:12-cv-00276

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than:

_____, **2014**

Please Type or Print

PART I:    CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____    _____

City                             State or Province

_____    _____

Zip Code or Postal Code              Country

_____    _____

Social Security Number or                    Individual
Taxpayer Identification Number    _____    Corporation/Other

_____    _____

Area Code              Telephone Number (work)

_____    _____

Area Code              Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

PART II:   SCHEDULE OF TRANSACTIONS IN CEC COMMON STOCK

A.   **CEC COMMON STOCK**

Number of shares of CEC common stock held at the close of trading on
February 18, 2009: _____

Purchase or acquisitions of CEC common stock (February 19, 2009 –
November 21, 2011):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

Sales of CEC common stock (February 19, 2009 – November 21, 2011,
inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

If you require additional space, attach extra schedules in the same format as above.  Sign
and print your name on each additional page.  NOTE THAT NO CLAIMS LESS THAN $10.00
WILL BE PROCESSED OR PAID.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 9.  FAILURE TO
SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE
REJECTION OF YOUR CLAIM.**

IV.   **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

5

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other CEC securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of CEC common stock during the Class Period and know of no other person having done so on my (our) behalf.

**RELEASE**

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each of the Defendants and their Related Parties. "Related Parties" means each Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of the Individual Defendant's immediate family, or any trust of which the Individual Defendant is the settlor or which is for the benefit of the Individual Defendant's family.

"Released Claims" shall collectively mean any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation,

claims for negligence, gross negligence, breach of fiduciary duty, fraud, or violation of any state or federal common law or statutes, rules, or regulations, by Plaintiffs or any Class Member against the Released Persons (as defined above) arising out of or based upon the purchase or other acquisition of CEC common stock during the Class Period and the acts, facts, events, statements or omissions that were or could have been alleged in the Litigation. "Released Claims" includes "Unknown Claims" as defined below.

"Unknown Claims" means any Released Claims which Plaintiffs or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly settle and release and each Class Member, upon

the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

4. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in CEC common stock which are the subject of this claim, which occurred during the Class Period as well as the opening and closing positions in such common stock held by me (us) on the dates requested in this claim form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release form by the undersigned is true and correct.

Executed this _____ day of _____

_____(Month/Year)

in _____

_____(City)_____(State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
e.g., Beneficial Purchaser, Acquirer
Executor or Administrator)

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

Please sign the above release and declaration.

Remember to attach supporting documentation, if available.

Do not send original stock certificates.

Keep a copy of your claim form and all supporting documentation for your records.

If you desire an acknowledgement of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

If you move, please send us your new address.

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THURMAN ROSS, by and on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | No. 12-CV-00276 |
| CAREER EDUCATION CORPORATION, GARY E. McCULLOUGH and MICHAEL J. GRAHAM, | Hon. John W. Darrah |
| Defendants. | |

**SUMMARY NOTICE**


**EXHIBIT A-3**

TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF CAREER EDUCATION CORPORATION ("CEC") FROM FEBRUARY 19, 2009, THROUGH NOVEMBER 21, 2011, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of Illinois, that a hearing will be held on _____, 2014, at _.m., before the Honorable John W. Darrah, at the United States District Court, Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, Courtroom 1203, 219 South Dearborn Street, Chicago, IL 60604, for the purpose of determining (1) whether the proposed settlement of the claims in the Litigation for the principal amount of $27,500,000, plus accrued interest, should be approved by the Court as fair, just, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with prejudice should be entered by the Court dismissing the Litigation with prejudice; (3) whether the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees in the amount of 25% and expenses not to exceed $500,000 in connection with this Litigation should be approved.

IF YOU PURCHASED OR ACQUIRED ANY OF THE COMMON STOCK OF CEC DURING THE PERIOD FROM FEBRUARY 19, 2009, TO NOVEMBER 21, 2011, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION. You may obtain copies of a detailed Notice of Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form by writing to CEC Securities Litigation, c/o Heffler Claims Group, PO Box 58669, Philadelphia, PA 19102, visiting the internet at www.CecSecuritiesLitigation.com, or calling the Claims Administrator at 855-887-3479. Inquiries other than requests for the above-referenced documents may also be made to Plaintiffs' Lead Counsel:

James M. Hughes, Esq.                    Jeffrey A. Almeida
Motley Rice LLC                          Grant & Eisenhofer P.A.
28 Bridgeside Blvd.                      123 Justison St.
Mt. Pleasant, SC  29464                  Wilmington, DE  19801
(843) 216-9000                           (302) 622-7000

If you are a Class Member, in order to share in the distribution of the Net Class

Settlement Fund, you must submit a Proof of Claim and Release *postmarked no later than*

_____, *2014*, establishing that you are entitled to recovery.   NOTE THAT NO

CLAIMS LESS THAN $10.00 WILL BE PROCESSED OR PAID.

If you purchased or otherwise acquired CEC common stock and you desire to be

excluded from the Class, you must submit a request for exclusion postmarked no later than

_____, 2014, in the manner and form explained in the detailed Notice referred to above.

All Members of the Class who do not timely and validly request exclusion from the Class will be

bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Any objection to the settlement must be *received*, not simply postmarked, by each of the

following recipients *no later than* _____, *2014*:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
EVERETT MCKINLEY DIRKSEN UNITED STATES COURTHOUSE
219 South Dearborn Street
Chicago, IL 60604

*Lead Counsel for Plaintiffs*:

MOTLEY RICE LLC
James M. Hughes
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464

GRANT & EISENHOFER P.A.
Jeffrey A. Almeida
123 Justison St.
Wilmington, DE  19801

2

*Counsel for Defendant Career Education Corporation:*

JONES DAY
Lee Ann Russo
77 W. Wacker Dr.
Chicago, IL 60601-1692

*Counsel for Gary E. McCullough:*

KATTEN MUCHIN ROSENMAN LLP
Mary Ellen Hennessy
525 West Monroe Street
Chicago, IL 60661

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

**REGARDING THIS NOTICE.** If you have any questions about the settlement, you may

contact Lead Counsel at the address listed above.

DATED: _____, 2013          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        NORTHERN DISTRICT OF ILLINOIS
                                        EASTERN DIVISION

# EXHIBIT A-4

You have been identified as a potential class member in a securities fraud class action against Career Education Corporation ("CEC") and other persons or entities. You may be eligible to receive a payment from a $27.5 million class action settlement in *Ross v. Career Education Corp.*, U.S. Dist. Court, N.D. Ill., No. 12-CV-00276. The case involves alleged material misrepresentations in violation of the federal securities laws concerning CEC's placement rate reporting. You must submit a Proof of Claim form to share in the settlement proceeds. Additional information is contained in a detailed settlement notice ("Settlement Notice"). The Proof of Claim form and Settlement Notice are available by visiting www.CecSecuritiesLitigation.com or calling or writing the Claims Administrator noted below.

**Class Definition**: You are a class member if you purchased or otherwise acquired the common stock of CEC between February 19, 2009, and November 21, 2011 (the "Class Period"). However, to be eligible to share in the settlement proceeds, a class member must have both acquired CEC stock during the Class Period and also continued to hold any of those shares through one of the following dates: August 3, November 1, November 2, or November 18, 2011.

**Settlement Amount**: $27.5 million. This represents an estimated average recovery of 47¢ per share, before attorneys' fees and expenses, based on the estimated number of allegedly damaged shares acquired during the Class Period and held through at least one corrective disclosure during the Class Period.

**Reasons for Settlement**: The parties wish to avoid the costs and risks of continued litigation.

**Disagreement on Amount of Damages**: The parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs prevailed. The primary issues on which the parties disagree include: (1) whether Defendants are liable under the securities laws; and (2) the method for determining whether and to what extent CEC shares were damaged.

**Attorneys' Fees and Expenses**: Attorneys for the class will ask the court for attorneys' fees of 25% of the settlement fund, plus reimbursement of out-of-pocket costs (excluding notice and claims administration costs, which will be deducted separately from the settlement fund) in an amount not to exceed $500,000. These amounts will reduce the per share recovery by an estimated 14¢ per damaged share. Attorneys' fees and costs will be paid out of the settlement fund as expenses for investigating the facts, litigating the case, and negotiating the settlement. In addition, expenses associated with notice and administration of the Settlement will be incurred in an amount not to exceed $785,000.

**Your Options**: You can file a claim, object to the settlement (with or without appearing at the final approval hearing and with or without hiring your own attorney), exclude yourself from the class, or do nothing. No claims for less than $10.00 will be processed or paid. Unless you exclude yourself from the class, you will be bound by the settlement and you will release any claims you may have against the released parties. More information is contained in the Settlement Notice.

**Deadlines**: To file a claim: _____, 2014; to object to the settlement: _____, 2014; to request exclusion from the class: _____, 2014; the Court's hearing on final approval of the settlement: _____, 2014.

**Plaintiffs' Counsels' Representatives**: The Claims Administrator, Heffler Claims Group, is available to answer questions concerning the settlement or any matter contained in the Settlement Notice. You may contact the Claims Administrator by calling 855-887-3479 or writing to: "CEC Securities Litigation, c/o Heffler Claims Group, PO Box 58669, Philadelphia, PA 19102."