

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THURMAN ROSS, by and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CAREER EDUCATION CORPORATION, GARY E. McCULLOUGH, and MICHAEL J. GRAHAM,<br><br>Defendants. | Civil Action No. 12 C 276<br><br>Hon. John W. Darrah |

**AMENDED FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing on April 16, 2014 (the "Settlement Hearing"), pursuant to the Preliminary Approval Order dated November 6, 2013, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement (the "Stipulation"), dated October 25, 2013. Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation and finds that:

(a) said Stipulation and the settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

4. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.

1

Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

5. Upon the Effective Date, Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Class Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

6. All Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

7. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and Plaintiffs' counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims. Claims to enforce the terms of the Stipulation are not released.

8. The Notice of Proposed Settlement of Class Action given to the Class, including the individual notice to all Members of the Class who could be identified through reasonable effort, provided the best notice practicable under the circumstances of the Litigation and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

9. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

10. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or their respective Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Class Settlement Fund, including interest earned thereon; (b) disposition of the Class Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

12. The Court finds that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Class Settlement Fund, or any portion thereof, is returned to CEC and/or Defendants' insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. Any Member of the Class that previously submitted a request for exclusion from the Class Action Settlement, but withdrew that request for exclusion by written communication to the Settlement Claims Administrator and Lead Counsel prior to April 16, 2014, is hereby Ordered a Member of the Class for all purposes, including for purposes of this Settlement, and shall be allowed to file a Proof of Claim with the Settlement Claims Administrator on or before April 18, 2014.

15. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED: 4-16-14

THE HONORABLE JOHN W. DARRAH
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

1/20/14

Claims Administrator
CEC Securities Litigation
C/O Hefler Claims Group
P.O. Box 58669
Philedelphia, PA 19102

Alice Silverstein
Edwin Silverstein
1001 A Thornbury Ln
Manchester, N.J. 08759

Dear Sir,
   In reguard to the litigation of Career Education Corp Symbol CEC  Alice, my wife, & Edwin Silverstein want To exclude ourselves from the class litigation.

               Very Truly Yours,
               *Edwin Silverstein*
               Edwin Silverstein
               *Alice Silverstein*
               Alice Silverstein



Claims Administrator
CEC Securities Litigation
c/o Heffler Claims Group
P.O. Box 58669
Philadelphia, PA 19102

From
Alice Silverstein
Edwin Silverstein
1001A Thornbury Ln
Manchester, N.J. 08759